UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 13 2009

Clerk, U.S. District and
Bankruptcy Courts

SEVERINA RIVERA-DREW )
1610 Hobart Street, NW )
Washington, DC 20009 )
)
)
                  Plaintiff, )
)
v. ) Civil Action No. _____
)
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES ) Case: 1:09-cv-00296
200 Independence Avenue, SW ) Assigned To : Walton, Reggie B.
Washington, DC 20201 ) Assign. Date : 2/13/2009
) Description: FOIA/Privacy Act
                  Defendant. )
_____ )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Department of Health and Human Services ("HHS") to produce records responsive to a FOIA request made on January 22, 2008. Although HHS has identified approximately 72,000 pages of responsive records, the agency has produced only 3,684 pages.

**JURISDICTION**

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.    Plaintiff Severina Rivera-Drew is an attorney and researcher focusing on corporate accountability and compliance with Medicare and Medicaid policies.

4.  Defendant HHS is an agency of the United States and has possession of and control over the records Plaintiff seeks.

## FACTS

5.  By letter dated January 22, 2008, Plaintiff submitted a FOIA request for "any and all documents filed by or on behalf of HCA Inc in compliance with reporting requirements under the Corporate Integrity Agreement of December 2000." Plaintiff limited her request to documents "for the reporting periods April 2005 to the most recent."

6.  On March 28, 2008, HHS notified Plaintiff that it had identified an estimated 39,000 pages of responsive records, but HHS denied Plaintiff's request for a fee waiver. Plaintiff appealed the denial, and on June 6, 2008, HHS granted the fee waiver.

7.  In its letter of June 6, 2008, HHS informed Plaintiff that "[b]ecause of the estimated amount of pages (39,000) and review time (192 hours)," HHS anticipated the need for ten additional working days, beyond the 20 working days prescribed by FOIA, to process the requested records.

8.  From July through December, 2008, Plaintiff made repeated telephone calls to HHS to inquire about the status of the agency's processing of the requested records.

9.  By letter dated January 2, 2009, Plaintiff again insisted that HHS produce the documents responsive to her request, citing HHS's noncompliance with the requirements of FOIA.

10.  By letter dated January 15, 2009, HHS informed Plaintiff that "with continued searching" the agency had found approximately 72,000 pages of responsive records and that fully processing the request "will likely require a considerable period of time."

11.  On January 22, 2009, Plaintiff received a compact disc from HHS containing 1,210 pages of records that HHS found responsive to Plaintiff's request.

12.     By telephone conversation on January 22, 2009, with Robin Brooks at HHS, Plaintiff was informed that more documents would be released "shortly." HHS refused to provide Plaintiff any specific timetable for the release of additional documents.

13.     On February 5, 2009, HHS produced an additional 2,474 pages of records that HHS found responsive to Plaintiff's request.

14.     HHS has produced only 3,684 of the approximately 72,000 pages of documents identified by HHS as responsive to Plaintiff's request, and HHS has refused to agree to a specific timetable for producing the remainder of the responsive documents.

15.     Under 5 U.S.C. § 552(a)(6)(A)(i), (B)(i), and pursuant to HHS's written notification of its need for a 10-day extension, HHS had 30 working days to respond to Plaintiff's request. More than 30 working days have passed and Plaintiff has only received a partial response (3,684 pages) to her request.

16.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(I), Plaintiff has exhausted her administrative remedies.

17.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3), to the records she seeks, and Defendant has no legal basis for failing to disclose those records to Plaintiff.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court

- A)  Declare that Defendant's failure to disclose records requested by Plaintiff violates FOIA, 5 U.S.C. § 552(a)(3);
- B)  Order Defendant to produce the requested records without delay;
- C)  Award Plaintiff her costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and
- D)  Grant all other proper relief.

                      Respectfully submitted,

                      /s/ Michael T. Kirkpatrick
                      Michael T. Kirkpatrick (DC Bar #486293)
                      Margaret B. Kwoka
                      (DC Bar Application Pending)
                      PUBLIC CITIZEN LITIGATION GROUP
                      1600 20th Street, NW
                      Washington, DC 20009
                      (202) 588-1000

                      Attorneys for Plaintiff

Dated: February 13, 2009